## Vanderbilt's Estate.

*Wills—Construction—Gifts over—Issue—Grandchildren—Great-grandchildren—Issue to take such share only as deceased parent would have taken if living.*

1. Testator died, leaving a will by which he devised his residuary estate, real and personal, to his wife for life, and on her decease to trustees, in trust to pay the income to such of his children as might then be living, and to the issue of such of them as might then be deceased leaving issue, share and share alike, during their natural lives; the issue of such of them as might be deceased taking such share only between them as his, her or. their parent would have taken if living, and after providing for the maintenance of such issue as might be minors, etc., he directed that in case of the decease of any of his children after the death of his wife leaving no issue, the income of the portion of his estate held in trust for the one so dying should be ¦divided and paid to his or her surviving brothers and sisters, share and share alike, during the full term of their natural lives, and to the issue of such of them as might then be deceased, the issue taking such share between them as his, her or their parent would have taken if living, and the principal, or their share thereof, to be paid to such issue on arriving at the age of twenty-one, but if any such issue should then be in their minority, the share of such minor was to be held on the same trusts as thereinbefore set forth for them until he, she or they should have attained majority, with a gift over, in case of the death of all his children without leaving issue, of the estate then remaining in the hands of his trustees to his nephews and nieces then living, share and share alike. He further stated his intention to be to have his estate descend to his children and grandchildren, and only for want of such issue, to go to his nephews and nieces. He left three children, Frank, Mary and Martha. The widow died in 1892. At the time of the audit Frank was of age and without issue. Mary died in 1904, survived by a grandson, Carl, her only surviving issue; he died April 20, 1923, being then over twenty-four years of age, intestate, without issue and leaving a widow, Agnes. Martha died Feb. 27, 1918, unmarried and without issue. The present account was filed by the trustee by reason of the death of Carl. At the audit it was claimed, on behalf of his widow, Agnes, that one-half of the principal of the share of Martha should be awarded to Carl's administrator: *Held,* that the principal of the share should be awarded to the trustee in trust for Frank for life; what disposition of the principal should be made on his death it was premature to determine at this time.

*Res adjudicata—Law of the case—Trustees' accounts—Income of share—Principal of share—Devolution.*

2. A ruling in the adjudication of an account of a trustee as to the devolution of the income of a share of the residue is not *res adjudicata* on the audit of a subsequent account as to the devolution of the principal of that share remaining in the hands of the trustee.

Exceptions to adjudication. O. C. Phila. Co., July T., 1881, No. 105.

The sections of the will considered by the court were as follows:

"Item. All the rest, residue and remainder of my Estate real, personal and mixed of which I die possessed whatsoever and wheresoever situate I give, devise and bequeath unto my beloved wife Margaret C. Vanderbilt for and during the full term of her natural life and so that she shall receive and enjoy the net interest and income thereof for her own sole and separate use and support and from and immediately after the decease of my said wife I give, devise and bequeath all the said rest, residue and remainder of my said estate real, personal and mixed to the 'Fidelity Insurance, Trust and Safe Deposit Company' of Philadelphia, and to my friend S. Kingston McCay of the City of Philadelphia, Conveyancer, their Heirs, executors, administrators, successors and assigns, To hold the same in Trust for the following uses, intents and purposes and for no other use, intent or purpose whatever. That is to say to collect and receive the Rents, Interest and Income thereof and after paying all Taxes, Water Rents, Interest on encumbrances, repairs and

the necessary expenses attending the execution of this Trust to pay over the net interest and income thereof quarterly or semi-annually to such of my children who may be then living and to the issue of such of them who may then be deceased leaving issue share and share alike during their natural lives, the issue of such of them who may then be deceased taking such share only between them as his, her or their parent would have had and taken if living and in case said issue are minors to be paid to his, her or their guardian properly appointed for their maintenance, education and support until such issue shall arrive at the age of twenty-one years, it being also my will that the share or shares of my daughters shall be for their own sole and separate use and support and shall in no wise be liable to the control, debts or engagements of any husband or husbands they or either of them may have.

"Item. In case of the decease of either of my said children after the death of my wife leaving no issue it is my will that the income of the portion of my Estate so set apart and held in Trust for the one so dying shall then be divided and paid to his, her or their surviving brothers and sisters share and share alike during the full term of their natural lives and to the issue of such of them as may then be deceased, such issue taking such share only between them as his, her or their parent would have had and taken if living and the principal or their share thereof to be paid to such issue on arriving at the full age of twenty-one years and in case any of such issue shall then be in their minority the share of such minor to be held on the same trusts as hereinbefore set forth for them until he or she or they shall have attained their majority.

"Item. In case of the death of all my children without leaving lawful issue I then direct and it is my will that so much of my Estate as shall then remain in the hands of my Executors and Trustees shall be equally divided between my nephews and nieces then living share and share alike, it being my will and desire that my Estate shall descend to my children and grandchildren but for want of such issue and then only to go to my nephews and nieces share and share alike."

The auditing judge (Gest, J.) in his adjudication said:

"John V. Vanderbilt died on May 16, 1880, leaving a will, by which he devised his residuary estate, real and personal, to his wife, Margaret C. Vanderbilt, for life, and on her decease, which event occurred March 15, 1892, he devised his said residuary estate to Fidelity Trust Company and S. Kingston McCay, who is now deceased, in trust to pay the income to such of his children who may then be living, and to the issue of such of them who may then be deceased leaving issue, share and share alike, during their natural lives, the issue of such of them who may be deceased taking such share only between them as his, her or their parent would have taken if living, and after a provision for the maintenance, etc., of such issue as might be minors, the testator provided, in case of the decease of either of his children after the death of his wife leaving no issue, the income of the portion of his estate held in trust for the one so dying shall be divided and paid to his or her surviving brothers and sisters, share and share alike, during the full term of their natural lives, and to the issue of such of them as may then be deceased, the issue taking such share between them as his, her or their parent would have taken if living, and the principal or their share thereof to be paid to such issue on arriving at the full age of twenty-one years, and providing that if any such issue shall then be in their minority, the share of such minor to be held on the same trusts as thereinbefore set forth for them until he or she or they shall have attained their majority. And the testator further provided, in case of the death of all

4 D. & C.

of his children without leaving lawful issue, that so much of his estate as should then remain in the hands of his trustees should be equally divided between his nephews and nieces then living, share and share alike. The testator further added: 'It being my will and desire that my estate shall descend to my children and grandchildren but for want of such issue and then only to go to my nephews and nieces share and share alike.'

"The testator left three children.

"1. Frank Y. Vanderbilt, of full age and without issue.

"2. Mary V. Furbush, who, according to the petition for distribution, died April 27, 1904, survived by Carl V. Bonner, son of a deceased daughter and her only surviving issue. This, however, may be a mistake, as, according to the adjudication of Anderson, J., Mary V. Furbush died July 27, 1914, survived by Carl V. Bonner, son of a deceased daughter. This inaccuracy in the dates does not seem to occasion any difficulty in the distribution, but too much care cannot be exercised in matters of this kind. Carl V. Bonner, grandson of Mary V. Furbush and great-grandson of the testator, died on April 20, 1923, being then over twenty-four years of age, intestate, without issue and leaving a widow, Agnes, who is entitled to letters of administration.

"3. Martha P. Vanderbilt died on Feb. 27, 1918, unmarried and without issue. On her death an account was filed by the trustee, which was audited by Judge Anderson. By his adjudication, filed May 21, 1918, and schedule of distribution annexed thereto, one-third of the estate was awarded to the guardian of Carl V. Bonner or Carl A. Bonner as the issue of Mary V. Furbush, and two-thirds were awarded to the trustees, the Fidelity Trust Company and S. Kingston McCay, in trust for Frank Y. Vanderbilt and Carl V. Bonner, on the uses and trusts declared by the will; that is to say, as it would appear from the award of income, in trust to pay the income of one-third to Frank Y. Vanderbilt and the income of the other third, one-half to Carl V. Bonner and one-half to Frank Y. Vanderbilt.

"This account is filed by reason of the death of Carl V. Bonner, as above stated, and its effect must be considered.

"Mr. Weaver claimed on behalf of the widow of Carl V. Bonner, who is entitled to letters of administration on his estate, that one-half of the principal of the share of Martha P. Vanderbilt, who died in 1918, should have been awarded to him by Judge Anderson, and should now be awarded to the administrator of his estate. To restate his argument, as the auditing judge understands it: The will provides, in case of the decease of a child after the death of the widow leaving no issue (and this was the case as to Martha P. Vanderbilt), that the income of this share should be paid to the surviving brothers and sisters during the terms of their natural lives (and Frank Y. Vanderbilt answers this description), and to the issue of such of them as may then be deceased (and Carl V. Bonner, according to the argument in his behalf, answers this description), and, as the will continues, the principal or their share thereof should be paid to such issue on arriving at the full age of twenty-one, and in case any of such issue shall then be minors, the share of such minor to be held on the same trusts as hereinbefore set forth until he or she or they shall have attained their majority. Now, when Martha P. Vanderbilt died, on Feb. 27, 1918, Carl V. Bonner was a minor, and a guardian was appointed for him, to whom was awarded one-third, representing the share of Mary V. Furbush. The principal of Martha P. Vanderbilt's share was awarded by Anderson, J., to the trustees, in trust for Frank Y. Vanderbilt and Carl V. Bonner on the uses and trusts declared by the will; that is, in trust to pay the income to Frank Y. Vanderbilt and the guardian

of Carl V. Bonner, and on the attainment of the latter to his majority, to pay to him the principal of his share. Carl V. Bonner would, if living, be upwards of twenty-four years of age, and, as he attained his majority before his death, his interest vested, and one-half of the share of Martha P. Vanderbilt should now be awarded to his personal representatives, that is, one-fourth of the present fund, and the residue being three-fourths of the present fund, should be awarded to the trustee, in trust to pay the income to Frank Y. Vanderbilt for his life.

"To this argument, however, the reply is made that the testator restricted or qualified the word 'issue' in two ways: First, the gift was originally of income to children living at the decease of his widow, and the issue of such as may then be deceased; the issue of deceased children taking the share their 'parent' would have taken if living. Second, in case of the decease of children after the death of the widow leaving no issue, the income is directed to be paid to the surviving brothers and sisters for their lives, and the issue of such as may then be deceased leaving issue, such issue again taking the share their 'parent' would have taken if living, the principal to be paid on their arrival at twenty-one years. Thirdly, the testator recites that it is his will that his estate should descend to his 'children and grandchildren,' but, for want of such issue, and then only, to go to the testator's nephews and nieces. In other words, while 'issue' means prima facie descendants ad infinitum, and would include Carl V. Bonner, a great-grandchild, that meaning is controlled by the use of the word 'parent' and by the concluding clause above quoted, referring to children and grandchildren as the objects of his bounty.

"While the case certainly admits of doubt, I am of opinion that this latter is the correct construction of the will. In other words, I do not think that the testator intended to benefit his descendants beyond grandchildren. In Taylor v. Taylor, 63 Pa. 481, after a life estate to a daughter, the gift was to her issue, such issue to inherit their mother's right, and Judge Sharswood said: 'No declaration could be more express to show that by 'issue' the testator meant children.' The same learned judge, in the later case of Hill v. Hill, 74 Pa. 173, referred to Taylor v. Taylor as showing that the meaning of the general word 'issue' was controlled by the subsequent reference to their mother; and in the cases of O'Rourke v. Sherwin, 156 Pa. 285, and Oliver's Estate, 199 Pa. 509, a similar effect was given to the word 'parent,' which is the word employed in the will of John V. Vanderbilt. See, also, Duckett's Estate, 214 Pa. 362, and Nice's Estate, 227 Pa. 75.

"I have not, however, overlooked the recent cases of Lewis's Estate, 30 Dist. R. 541, and Joyce's Estate, 30 Dist. R. 840, the latter affirmed by the Supreme Court in 273 Pa. 404. Lewis's Estate is plainly distinguishable in its facts, as the testator expressly provided that on the death of each daughter leaving legal issue one-eighth of the share of said daughter should be paid for the use of each of her children, and, as one of the daughters had eight children, the testator evidently intended a stirpetal distribution of the income among them, so that we held that a grandchild, issue of a deceased child of this daughter, was entitled. In Joyce's Estate the gift was to grandchildren, 'the children and issue of my four daughters that may then be living,' and this was held to include great-grandchildren; as the word 'issue,' in its collocation, was held to amplify the literal meaning of 'grandchildren.' Here, however, we have the concluding clause, where the testator explains his intention, that his estate should descend to his children and grandchildren. He does not say, as the testator in Joyce's Estate did, 'my grandchildren being the chil-

4 D. & C.

dren and issue of my four daughters,' but he provides that, for want of 'such issue,' the estate should go to his nephews and nieces. The gift is not to issue generally, but to 'such issue,' which evidently refers to children and grandchildren as being the only issue he intended to benefit. This explanatory clause seems to be an insuperable answer to the claim made by Carl V. Bonner's estate. It may be added that there is nothing inherently improbable or unjust in this construction of the will if it be tested in the light of the results. The testator may well have considered the relative claims of a surviving child such as Frank Y. Vanderbilt, and the estate of a deceased great-grandchild born long after his own decease, and a construction of the will, which gives to that son the entire income of the trust for his life, appears to be agreeable to the general intent of the testator so far as it is possible to gather it.

"At this point the question arises as to the effect of Judge Anderson's adjudication in 1918. No exceptions were filed thereto, and it is, therefore, conclusive as far as it goes, and the one-third theretofore held in trust for Mary V. Furbush was awarded to her grandchild, the great-grandson of the testator. The remaining two-thirds were awarded to the trustees for Frank Y. Vanderbilt and Carl A. or Carl V. Bonner, on the uses and trusts declared by the testator, but in his adjudication, Judge Anderson states that the question submitted to him related to the distribution of the income of Mary V. Furbush's share since her death, July 27, 1914, and the income of Martha P. Vanderbilt since her death, Feb. 27, 1918. The adjudication, so far as Martha P. Vanderbilt's share and Carl V. Bonner's interest therein are concerned, only disposed of the income. I do not think, therefore, that Judge Anderson's adjudication is *res adjudicata* so far as relates to the principal of the estate now remaining in the hands of the trustee.

"My conclusion is that the entire balance of principal should be awarded to the trustee, in trust for Frank Y. Vanderbilt for life. What disposition will be made of the principal at his death cannot now be considered: Wears's Estate, 25 Dist. R. 30; Hano's Estate, 8 Dist. R. 353, and Fabian's Estate, 18 Phila. 175.

"As to the income, this has been paid since the last adjudication, according to the petition for distribution, one-half to Frank Y. Vanderbilt, and, of the other one-half, one-half to Frank Y. Vanderbilt and one-half to Carl V. Bonner. Any inequalities in the distribution may be adjusted by the accountants. In future, the entire income should be paid to Frank Y. Vanderbilt.

"The balance of principal, composed as stated, is $19,568.41, which is awarded to the accountants, in trust under the will and in accordance with this adjudication.

"The balance of income is $4007.41, which, subject to payments made on account of distribution, is awarded as follows: The income to the date of the death of Carl V. Bonner is awarded, three-fourths to Frank Y. Vanderbilt and one-fourth to Carl V. Bonner or his personal representative. The income since the death of Carl V. Bonner is awarded to Frank Y. Vanderbilt.

"And now, July 10, 1923, the account is confirmed *nisi*."

*John Weaver*, for exceptants; *Joseph A. Lamorelle*, contra.

THOMPSON, J., Dec. 14, 1923.—The auditing judge, in a careful opinion, has decided the questions involved adversely to the exceptants, and as we agree with his conclusions, all exceptions are dismissed and the adjudication is confirmed absolutely.